**Yunio Rene Ulloa CORREA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74472.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008 *.

Filed March 27, 2008.

Ashwani K. Bhakhri, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anh–Thu P. Mai, Melissa Neiman–Kelting, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Yunio Rene Ulloa Correa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Ulloa Correa's contention that he met the continuous physical presence requirement because he not only failed to raise that issue before the BIA, but in fact conceded in his appeal brief that he lacked the requisite physical presence. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

We reject Ulloa Correa's contention that the 10–year physical presence requirement violates his due process rights. *See Padil-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

la–Padilla v. Gonzales, 463 F.3d 972, 979–80 (9th Cir.2006) (holding that the 10–year physical presence requirement and the stop-time rule satisfy due process).

We are not persuaded that Ulloa Correa's removal results in the deprivation of his children's due process rights. See Mamanee v. INS, 566 F.2d 1103, 1106 (9th Cir.1977) (holding that deportation of parents does not result in unconstitutional deportation of child).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.